KENTUCKY BAR ASSOCIATION,
Complainant,

v.

Robert Michael STEVENSON,
Respondent.

No. 99–SC–0653–KB.

Supreme Court of Kentucky.

Sept. 23, 1999.

## OPINION AND ORDER

This is a disciplinary proceeding in which the Board of Governors of the Kentucky Bar Association (Board of Governors) recommends that respondent, Robert Michael Stevenson, be suspended from the practice of law in the Commonwealth for ninety (90) days and that he be ordered to pay the costs of this proceeding. We agree and so order.

This action began when Jeffrey and Karen Jaggers filed a complaint against Stevenson on October 30, 1998. The Jaggers retained Stevenson to help them in a custody matter. Jeffrey had two daughters by his first wife, who had sole custody of the children. The Jaggers felt it was in the best interests of the children to have custody transferred to them. They paid Stevenson a fee of $425.00 for this service. Stevenson filed a motion for change of custody and a hearing date was set for November 3, 1997. On the day of the hearing, the case was transferred from Bullitt County to Jefferson County. Thereafter, Stevenson made no further effort to secure a change of custody for the Jaggers.

The Jaggers contacted Stevenson a number of times regarding the custody matter and, each time, Stevenson responded by telling them that a hearing date had been set, but either had been continued or canceled. One year after the original hearing date in Bullitt County, the Jaggers checked the court file and discovered that no previous court dates had been set. Thus, Stevenson's assurances to the Jaggers that he was proceeding with their case were deceptive and false.

The Board of Governors found Stevenson guilty of two counts and recommended a ninety (90) day suspension. Stevenson's only defense to the charges was that he was depressed, for which he was undergoing treatment.

## COUNT I—FAILING TO ACT WITH DILIGENCE

Following the transfer of the case at the original hearing date, Stevenson took absolutely no action to set a new hearing date or otherwise further provide the service for which he accepted payment. Inaction is particularly deplorable in a custody case where the original petition for modification clearly places the health, welfare, and education of the children in question at stake. Therefore, we accept the recommendation of the Board of Governors and find Stevenson guilty of SCR 3.130–1.3.

*COUNT II*—LYING TO A CLIENT

Stevenson admits that he advised the Jaggers that various court dates had been set for the change of custody motion, but that the dates had been continued. These assurances were untrue. Further, they were made with the purpose of deceiving the Jaggers into believing that Stevenson was pressing forward with their case when in fact he was doing nothing. Stevenson lied to his clients. Therefore, we accept the recommendation of the Board of Governors and find Stevenson guilty of SCR 3.130–8.3(c).

## CONCLUSION

Based on the facts and law discussed above, we find that the respondent is guilty of violating SCR 3.130–1.3 and SCR 3.130–8.3(c).

THEREFORE, IT IS HEREBY ORDERED as follows:

(1) Respondent, Robert Michael Stevenson, is hereby suspended from the practice of law in the Commonwealth of Kentucky for a period of ninety (90) days. The period of suspension shall commence on the date of entry of this order and continue until such time as respondent is reinstated to the practice of law by order of this Court pursuant to SCR 3.510, or any controlling amendment to SCR 3.510.

(2) In accordance with SCR 3.450 and SCR 3.480(3), respondent is directed to pay all costs associated with this disciplinary proceeding against him. Upon the finality of this opinion, an order of execution may issue from this Court for said costs.

(3) Pursuant to SCR 3.390, respondent is hereby ordered to provide notice to any clients, if applicable, he currently represents of his inability to provide further legal services, to notify all courts in which he has matters of his pending suspension, and to provide the Director of the Kentucky Bar Association with copies of all such letters simultaneously with their mailing.

LAMBERT, C.J.; COOPER, JOHNSTONE, KELLER, STUMBO, and WINTERSHEIMER, JJ., concur.

GRAVES, J., concurs, but would impose a one-year suspension.

Entered: September 23, 1999.

/s/ JOSEPH E. LAMBERT

CHIEF JUSTICE