**KENTUCKY BAR ASSOCIATION, Complainant,**

v.

**Robert Michael STEVENSON, Respondent.**

**No. 1999–SC–1019–KB.**

Supreme Court of Kentucky.

Feb. 24, 2000.

Bruce K. Davis, Jane H. Herrick, Kentucky Bar Association, Frankfort, for complainant.

Robert Michael Stevenson, Louisville, for respondent.

## OPINION AND ORDER

The Board of Governors of the Kentucky Bar Association recommends that Robert Michael Stevenson, whose last known address is 4809 Bardstown Road in Louisville, Kentucky, be suspended from the practice of law in the Commonwealth for five years and that he be ordered to pay the costs of this proceeding. This is the fourth disciplinary proceeding against Stevenson, whom we suspended temporarily on June 17, 1999, for ninety days on September 23, 1999, and for 181 days on October 23, 1999. *See Inquiry Comm'n v. Stevenson,* 993 S.W.2d 504 (1999); *KBA v. Stevenson,* 999 S.W.2d 714 (1999) and *KBA v. Stevenson,* 2 S.W.3d 789 (1999). Following is a brief recitation of four current charges against him.

## I.

In Charge No. 6641, a client employed Stevenson to represent him in a matter relating to an automobile accident. Stevenson sent the client a settlement agreement for $3,500.00 along with a check from the insurance company. The client rejected the settlement because it did not adequately reimburse him for his losses. Stevenson, however, advised the client to sign the settlement agreement and to endorse the check, assuring him that he would hold both items pending further arrangements with the insurance company. Relying on the representations made by Stevenson,

the client acquiesced. The client attempted to obtain information from Stevenson on the status of his case and complained to him about the lack of information. Several months later, Stevenson sent a check for $888.23 to the client but when the client attempted to cash the check it was returned for insufficient funds.

Stevenson failed to answer the complaint or respond to the charge and the entire record was submitted to the Board of Governors pursuant to SCR 3.210(1). By a unanimous vote they determined that Stevenson failed to comply with SCR 3.130–1.4(a) which provides that a lawyer shall keep a client reasonably informed about the status of the matter and promptly comply with reasonable requests for information. They also decided by a unanimous vote that he violated SCR 3.130.8.3(c) which states that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

## II.

Charge No. 7342 stems from Stevenson's representation of a client in a dissolution of marriage. On April 10, 1996, Stevenson filed a petition for dissolution of marriage on behalf of his client but several months later the case was dismissed for failure to prosecute. Throughout the pendency of the case the client received repeated assurances from Stevenson that the case was proceeding and that the dissolution of marriage would soon be granted.

In November of 1998, Stevenson presented the client with another petition for dissolution and told him he had to sign it to correct the original petition and that the changes were related to certain custody matters. The client signed the petition but it was never filed.

Unable to contact Stevenson for several months, the client fired him and demanded the return of his $500.00 fee, but it was never returned. Thereafter, the client went to the courthouse to review the record of his divorce case and discovered the dismissal for lack of prosecution, an action about which he was never informed.

Stevenson failed to answer this complaint or respond to this charge and the entire record was submitted to the Board of Governors pursuant to SCR 3.210(1). By a unanimous vote they determined that Stevenson failed to comply with the following Supreme Court Rules: Count I—SCR 3.130–1.3 which requires that a lawyer act with reasonable diligence and promptness; Count II—SCR 3.130–1.4(a) which requires that a lawyer keep a client reasonably informed about the status of the matter and promptly comply with reasonable requests for information; Count III—SCR 3.130–8.3(c) which provides that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation. By a vote of 17–3 the Board of Governors also determined that Stevenson was guilty of Count IV—SCR 3.130–8.1(b) which provides that a lawyer shall not knowingly fail to respond to lawful demands for information from an admission or disciplinary authority.

## III.

In Charge No. 7408, Stevenson was retained in September of 1998 to represent a client in an uncontested divorce. The client had received a settlement proposal from her husband and Stevenson wrote a letter to counsel for the spouse with various proposed changes to the settlement agreement. After receiving a reply from the counsel for the spouse, Stevenson wrote a second letter which included a signed settlement agreement. Stevenson failed to send all of the documents necessary to proceed with the dissolution and has not responded to further requests for such items. From September of 1998 until mid-April of 1999, the client did not hear from Stevenson. The client finally reached Stevenson on April 12, 1999, but since then Stevenson has failed to contact the client regarding the status of her case.

Stevenson failed to answer this complaint or respond to this charge and the entire record was submitted to the Board of Governors pursuant to SCR 3.210(1). By a unanimous vote they determined that Stevenson failed to comply with the following Supreme Court Rules: Count I—SCR 3.130–1.3 which requires that a lawyer act with reasonable diligence and promptness in representing a client; and Count II—SCR 3.1301.4(a) which requires that a lawyer keep a client reasonably informed about the status of the matter and promptly comply with reasonable requests for information.

## IV.

In Charge No. 6695, a client hired Stevenson to represent her in her claim against the prior owner of a home she purchased in 1992. In March of 1993 the client paid a $500.00 retainer to Stevenson. Stevenson filed a lawsuit but he failed to take the reasonable steps necessary to move the case to trial or to resolve the case. He also failed to keep the client informed about the status of the case. On April 11, 1994, the prior owner of the home filed a Motion for Summary Judgment. Stevenson filed no response to the motion and the Summary Judgment was entered on August 25, 1994. Stevenson failed to advise his client of the failure to respond or the entry of Summary Judgment. In September of 1997, the client discharged Stevenson and hired new counsel. The former client's case was tried in August of 1998, but she was precluded form raising certain claims because of the prior Summary Judgment.

Stevenson did respond to this charge, admitting to the conduct, and praying only for relief as to the sanction to be imposed in this case. As way of explanation, Stevenson claims that he is suffering from depression which was diagnosed in August of 1997 and for which he is still being treated.

The Inquiry Commission charged Stevenson with the following violations: SCR 3.130–1.3 which provides that a lawyer shall act with reasonable diligence and promptness in representing a client; SCR 3.130–1.4(a) which provides that a lawyer should keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information; SCR 3.130–1.4(b) which provides that a lawyer should explain a matter to a client to the extent necessary to permit the client to make informed decisions regarding representation; and SCR 3.130–8–3(c) which provides that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation. Because Stevenson admitted to the charges of the Inquiry Commission, the case was submitted as a law only case pursuant to SCR 3.210(2) for the purpose of imposing sanctions. By a unanimous vote the Board of Governors found him guilty of each and every count of this charge.

The Board of Governors consolidated the cases for the purpose of imposing sanctions. After considering all of the facts, an overwhelming majority recommended that Stevenson be suspended from the practice of law for five years. After reviewing the record, this Court adopts the decision and recommendation of the Board of Governors as to all matters pertaining to Stevenson.

It is hereby ORDERED that

Robert M. Stevenson is suspended from the practice of law for five years from the date of entry of this order. He shall not engage in the practice of law in the Commonwealth of Kentucky unless and until he is reinstated by order of this Court.

Stevenson may seek reinstatement at the expiration of his suspension under the provisions of SCR 3.510, regarding reinstatement in a case of a disciplinary suspension, or any successor or amendment to that Rule in effect at the time of his application for reinstatement.

Pursuant to SCR 3.390, Stevenson shall, within ten days of the entry of this order,

notify all clients of his inability to represent them and furnish copies of said letters of notice to the Director of the Kentucky Bar Association. He shall also provide such notification to all courts in which he has matters pending.

In accordance with SCR 3.450(1), Stevenson is directed to pay all costs associated with this disciplinary proceeding against him, said amount being $1,080.40 and for which execution may issue from this court upon finality of this opinion and order.

All concur.

ENTERED: February 24, 2000.

/s/ Joseph E. Lambert
Chief Justice